**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 19, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROGER FOY JENKINS,

    Defendant - Appellant.

No. 05-7015
(E.D. Okla.)
(D.Ct. No. CR-04-063-P)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Roger Foy Jenkins appeals from his sentence. He claims the district court improperly applied the federal sentencing guidelines but failed to provide a proper record for our review. Lacking the ability to assess the issues presented,

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

we dismiss the appeal.

## Background

Following three controlled buys of methamphetamine, Jenkins was charged with, and subsequently pled guilty to, possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii). At sentencing, Jenkins objected to the amount of methamphetamine listed as "actual" in the pre-sentence report. The district court overruled the objection, finding by a preponderance of the evidence that the amount of pure methamphetamine listed in the government's lab reports was appropriately used in the pre-sentence report to determine Jenkins's sentencing range under the guidelines.

## Analysis

Jenkins challenges the district court's classification of the methamphetamine as "actual," instead of a "mixture." We decline to consider this issue because Jenkins has failed to present a proper record on appeal. Jenkins has not provided the pre-sentence report (PSR) or a transcript of the sentencing hearing. Both of these documents are necessary for us to review Jenkins's claims, as they are the official record of the district court's holdings. Jenkins has only provided the clerk's minutes, which are not sufficiently detailed to support his claims. "Th[is] court need not remedy any failure by counsel to designate an adequate record. When the party asserting an issue fails to provide a record sufficient for considering that issue, the court may decline to consider it." 10th

Cir. R. 10.3(B); *see also United States v. Rodriguez-Felix*, 450 F.3d 1117, 1132 (10th Cir.) (applying 10th Cir. R. 10.3(B) and declining to consider defendant's claim where defendant did not include PSR objections in the record on appeal), *cert. denied*, 127 S.Ct. 420 (2006).

Jenkins also suggests the district court erred under *United States v. Booker*, 543 U.S. 220 (2005). If the district court applied the guidelines as advisory, there can be no *Booker* error. *United States v. Visinaiz*, 428 F.3d 1300, 1315 (10th Cir. 2005) ("[B]ecause the district court did not consider the guidelines mandatory, there was no *Booker* error, constitutional or non-constitutional."), *cert. denied*, 126 S.Ct. 1101 (2006). Since Jenkins has not provided a transcript of the sentencing hearing he cannot, in good faith, say the district court applied the guidelines other than in an advisory fashion. Therefore, we also decline to consider this issue. *See* 10th Cir. R. 10.3(B) (2007).

**DISMISSED**.

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge